UNITED STATES DISTRICT COURT
Southern District of New York

| | |
|---|---|
| ZIHAN HOLDING LLC, and GRILL MASTER 001 INC., <br><br><br> Plaintiffs <br><br> vs. <br><br><br> ELI GARDEN FUSION, LLC, and LEI ZHU <br><br><br> Defendants. | No. 1:26-cv-3264 <br> ***COMPLAINT*** FOR ***TRADEMARK INFRINGEMENT*** |

## JURISDICTION

1. This is an action for ***trademark infringement***, unfair competition, injury to business reputation, deceptive trade practices arising under the statutes of the Second Circuit, and the Federal Trademark Act, *15 U.S.C. § 1051 et seq;* and it is an action for unjust enrichment. This court has jurisdiction of the federal trademark claim under *15 U.S.C. § 1121(a)*, *28 U.S.C. § 1338(a)*, and jurisdiction over all related unfair competition claims under *28 U.S.C. § 1338(b)*.

2. All other claims asserted in this action arise out of the same transaction or occurrence, so that this court has supplemental jurisdiction over all additional claims asserted in this action under *28 U.S.C. § 1367(a)*.

3. This Court has personal jurisdiction over the Defendants because the Defendants purposefully transacted business with the Plaintiff's, Zihan Holding LLC's, central kitchen of its Jiang Nan restaurants located at 103 Bowery, New York, NY 10002.

4.  Venue in this district is proper under *28 U.S.C. § 1391(b)(1)* because the Defendants' acts in the State of California has resulted in consumer confusion or loss of sales within the Southern District of New York at 103 Bowery, New York, NY 10002, which is the place where the claimed harm has occurred.

## PARTIES

5. Plaintiff, Zihan Holding LLC, is a corporation incorporated and existing under the laws of the State of New York, with its principal offices at New York, New York.

6. Plaintiff, Grill Master 001 Inc., is a corporation incorporated and existing under the laws of the State of New York, with its principal offices at New York, New York.

7.  Defendant, Eli Garden Fusion, LLC, is a corporation organized and existing under the laws of the State of California, with its principal place of business at Irvine, California. Its registered agent for service of process is Lei Zhu, who may be served at 500 Technology Drive #300, Irvine, CA, 92618.

8.  Defendant, Lei Zhu, is an individual residing in Irvine, California, and a citizen of the state of California.

## THE TRADEMARKS

9. Plaintiff, Zihan Holding LLC, carry on the business of providing indulgent and comforting dining experiences featuring Chinese fusion flavors from each region of China.  These dining

experiences include consistent high-quality food, high-quality ingredients, and superior customer service.  The Chinese fusion flavors are modern Chinese cuisine, which feature Peking Duck, Xiao Long Bao (soup dumpling), and Grill Fish.

10.  The Plaintiff, Zihan Holding LLC, carries on this business in five (5) restaurant locations in the United States, with their central kitchen located in New York, New York.  The five (5) restaurant locations are located in Flushing New York, Manhattan New York, Long Island New York, Jersey City New Jersey, and Fort Lee New Jersey.  The central kitchen of the Plaintiff Zihan Holding LLC's business is located in New York, New York.

11.  Plaintiff, Grill Master 001 Inc., was created in 2018.  The primary functions of the Plaintiff, Grill Master 001 Inc. are to own the trademarks, 'JIANG NAN' and 'JIANG NAN NEW YORK CHINESE FUSION' of the Plaintiff, Zihan Holding LLC's aforementioned business, and to serve as the operating company of the Plaintiff Zihan Holding LLC's restaurant location in Flushing New York.

12.  From 2019 to the present time, Plaintiffs have engaged continuously in the business of providing indulgent and comforting dining experiences featuring Chinese fusion flavors from each region of China under the name "JIANG NAN". The services of the business, at all times, have reflected the highest standards of food, ingredients, and customer service.

13.  From 2019 to the present the Plaintiffs' business has had a strategic goal to expand to forty (40) restaurant locations across the United States.

14. In 2019, Plaintiffs commenced using the trademarks for restaurant and online ordering services, in particular: Stylized wording "JIANG NAN" and to the left of the wording are stacked Chinese characters.  In addition, the calligraphed character "JIANG" at the top center, beneath it

a wispy dragon flows from right to left, wavy and smokey in constitution.  Beneath the dragon and slightly to the right is the calligraphed character "NAN".  On the left of the calligraphed character "NAN" are words "JIANG NAN".  "JIANG" is on the one line, "NAN" on the line directly below.  Beneath "NAN" are words "NEW YORK".  Beneath the rightmost element of the calligraphed character "NAN" are the words "CHINESE".  Beneath it, aligned, is the word "FUSION".   These trademarks are depicted in the attached exhibit "A," that show examples of where the trademarks have been used outside the front of the Plaintiffs' restaurant premises and on their menus.

15.  Since 2019, Plaintiffs have used the same basic name, shape, and design continuously in the course of the business referred to above. For many years this feature, (the "JIANG NAN" trademark and the "JIANG NAN NEW YORK CHINESE FUSION" trademark), has been incorporated as an identifying symbol on all Zihan Holding LLC services and products. The "JIANG NAN" and "JIANG NAN NEW YORK CHINESE FUSION" trademarks have been uniformly retained as an essential differentiating characteristic that identifies the one and only Zihan Holding LLC restaurant services and distinguishes it from those made and sold by others.

16. Extensive distribution of Plaintiffs' products and services under the "JIANG NAN" and "JIANG NAN NEW YORK CHINESE FUSION" is being made by Zihan Holding LLC throughout the United States. The marks have been continuously used by Plaintiffs in interstate commerce in connection with Zihan Holding LLC's restaurant services since as early as 2019, and in this judicial district at least since 2019.

17. Plaintiffs are:

   a. The common-law owners of the "JIANG NAN" and "JIANG NAN NEW YORK CHINESE FUSION" trademarks; and

b.  The Plaintiff, Grill Master 001 Inc, is the owner of the trademark registrations for the "JIANG NAN" and "JIANG NAN NEW YORK CHINESE FUSION" trademarks in the United States Patent and Trademark Office, specifically U.S. Trademark Registration Numbers  7460590 and 7154533, a true copy of which is attached as exhibit "B" and incorporated by reference.

The registration is in full force and effect and is owned by Plaintiffs. Plaintiffs' right to use the trademark in commerce has become incontestable, and the registration is conclusive evidence under *15 U.S.C. § 1115(b)* of plaintiffs' exclusive right to use the mark in commerce.

18. The "JIANG NAN" and "JIANG NAN NEW YORK CHINESE FUSION" trademarks, when used in connection with restaurant services, together with the good will attached to them, are the property of Plaintiffs and indicate to members of the public of the United States and elsewhere restaurant or food products and services manufactured and marketed by Plaintiffs and no other person, firm, or company. Plaintiffs have employed great care and incurred immense expense in the manufacture, advertising, and sale of their products and services sold under or in association with their "JIANG NAN" and "JIANG NAN NEW YORK CHINESE FUSION" trademarks. The trademarks have been extensively employed by Plaintiffs, particularly to identify Plaintiffs' products and business and to distinguish their products and business from the products and business of others with the result that these trademarks now represent vast goodwill, which is of great value to Plaintiffs in the continued conduct of their business and distribution and sale of their products and services. By virtue of many millions of dollars in advertising and sales and the vast goodwill that has been developed for these trademarks, the marks have developed and now have strong secondary and distinctive trademark meaning to purchasers and customers everywhere. The public at large has come to identify the trademarks as indicating the national well-known products

originating with Plaintiffs and Plaintiffs alone. Further, the trademarks have come to indicate to the public modern Chinese Fusion cuisine incorporating Plaintiffs' very high standards of food, ingredients, and customer service.

19. The value of Plaintiffs' trademarks and the goodwill of the business connected with them is fifty (50) million dollars in the United States. By its acts complained of, the Defendants have infringed Plaintiffs registered and common-law "JIANG NAN" and "JIANG NAN CHINESE FUSION NEW YORK" trademarks and has deliberately traded on Plaintiffs' goodwill and reputation to the Plaintiffs' irreparable injury.

20. Notwithstanding Plaintiffs' well known and prior established right to the use of the "JIANG NAN" and "JIANG NAN NEW YORK CHINESE FUSION" marks, Defendants have been and is manufacturing virtually duplicate reproductions of Plaintiffs' trademarks and is advertising and distributing the same in commerce as part of, and in connection with the Authentic Chinese Cuisine in Irvine of, its "Jiang Nan @Irvine" restaurant. Defendants' manufacture, advertisement, sale, and use of the reproductions of Plaintiffs' "JIANG NAN" and "JIANG NAN NEW YORK CHINESE FUSION" trademarks as a part of its "Jiang Nan @Irvine" restaurant is likely to falsely identify and falsely represent the source of the products and services sold by the Defendants as originating with Plaintiffs.

21. The use and sale by the Defendants of reproductions of Plaintiffs' "JIANG NAN" and "JIANG NAN NEW YORK CHINESE FUSION" trademarks is intended to cause, has caused, and is likely to continue to cause mistake, to cause confusion in the minds of the purchasing public as to the source, origin, or relationship of the respective products and services, and to deceive, all to Plaintiffs' great damage. Defendants' intention to cause confusion, mistake, and deception to the

injury of the Plaintiffs and to trade on their goodwill is exemplified by Defendants' solicitation of business in the State of California, a copy of which is attached to this ***complaint*** as exhibit "C" and made a part of the ***complaint***.

## UNJUST ENRICHMENT

22. On or about May 23, 2025, the Plaintiff, Zihan Holding LLC, attempted to form a Joint Venture Agreement with the Defendants for a restaurant in California.

23. The Defendants failed to sign the Joint Venture Agreement that was in written form, attached to this ***complaint*** as exhibit "D", and made a part of the ***complaint***.

24. The Plaintiffs took steps to attempt to form the Joint Venture Agreement, by shipping to the Defendants an initial batch of goods and services on or about November 12, 2025, November 19, 2025, December 2, 2025, December 10, 2025, and December 31, 2025. The Defendants received these goods and services but failed to pay for them in full.

25. The initial batch of goods and services included 7 design menus, marketing, design poster, full visual asset package, official logo and variations, basic photography package, video, and marketing promotion. An invoice was sent to the Defendants for these products in the amount of $6,850.00, that has never been paid by the Defendants. There were also inventories of goods shipped to and received by the Defendants, that the Plaintiff, Zihan Holding LLC, invoiced for in the amounts of $31,907.92, $53,661.87, $51,738.44, $42,676.58, and $39,910.66. These invoices have never been paid in full by the Defendants.

25.  The Defendants did not make all necessary payments to effectively form the proposed Joint Venture Agreement in accordance with its terms.

26.  The Defendants did not at any time attempt to act to form the Joint Venture Agreement where the Defendants did not share the profits and losses of the Jiang Nan @Irvine restaurant by 30%, which was a fundamental and essential term of the proposed Joint Venture arrangement.

27.  The Defendants also acted to ensure separation in all respects between the Jiang Nan @Irvine restaurant with the restaurant business of the Plaintiffs in New York, New York, that was in contradiction of the proposed Joint Venture agreement.  This included the Defendants diverting gift card funds from the Irvine Restaurant location to an Irvine-controlled account solely associated with the Defendants, rather than the Jiang Nan chain master account based in New York, New York.

28.  As a consequence of Paragraphs 22 to 27 above, there was no effective business relationship or agreement at any point in time between any of the Plaintiffs and any of the Defendants; that gave the Defendants consent or authority to use the Plaintiffs' Intellectual Property or to receive its goods or services without full payment.

**COUNT ONE**

**FEDERAL _TRADEMARK INFRINGEMENT_**

22. Paragraphs 1 through 21 are repeated.

23. Defendants' use in commerce of a reproduction of the "JIANG NAN" and "JIANG NAN NEW YORK CHINESE FUSION" infringes Plaintiffs' right in their federally registered trademarks.

24. Plaintiffs have requested Defendants to cease and desist from its acts of ***trademark infringement*** and have given Defendants actual notice of Plaintiffs' registration, but the Defendants have refused to cease its conduct. By this conduct, the Defendants have made substantial profits to which it is not in equity or good conscience entitled.

25. Defendants' conduct has caused and will continue to cause damage to the Plaintiffs greatly in excess of **two hundred and fourteen thousand, two hundred and ninety-nine dollars ($214,299.00)** unless restrained by this Court, and Plaintiffs have no adequate remedy at law.

## COUNT TWO

### FEDERAL UNFAIR COMPETITION

26. Paragraphs 22 through 25 are repeated.

27. Defendants have caused its "JIANG NAN @Irvine" restaurant to enter into interstate commerce with reproductions of Plaintiffs' well-known "JIANG NAN" and "JIANG NAN NEW YORK CHINESE FUSION" marks, annexed as part of the ***complaint***. The use of the "JIANG NAN" and "JIANG NAN NEW YORK CHINESE FUSION" trademarks is a false description and representation that the Defendants' goods and services are made by, sponsored by, or affiliated with, Plaintiffs.

28. Defendants have adopted and used reproductions of Plaintiffs' "JIANG NAN" and "JIANG NAN NEW YORK CHINESE FUSION" marks as the dominant indication of source in connection with the distribution and sale in commerce of its products and services, with full knowledge of the long and extensive prior use of those trademarks by Plaintiffs. Further, Defendants have willfully promoted the sale in commerce of its products and services using reproductions of Plaintiffs'

trademarks in such a manner as to falsely designate origin or association with Plaintiffs' well-known name and trademarks and with Plaintiffs' products and services, and so as inevitably to cause confusion or mistake among purchasers as to the true origin, source, sponsorship, or affiliation of Defendants products and services, all to Defendants' profit and Plaintiffs' great damage.

## COUNT THREE

### UNJUST ENRICHMENT

29. Paragraphs 22 to 28 are repeated.

30. The Defendants directly benefited from the receipt of unpaid goods and services from the Plaintiff Zihan Holding LLC, invoiced in the amount of **seventy-four thousand five hundred and fifty-nine dollars ($74,559.00)**.

31. The value of the goods and services in Paragraph 30 above, provided by the Plaintiff Zihan Holding LLC, were invaluable, essential, and important to the Defendants, and were given at their insistence and requests, and as a result of their ongoing assurance of prompt formation of the proposed Joint Venture Agreement.

32. The Defendants received the benefit of the goods and services in the amount of Paragraph 30 above, at the expense of the Plaintiff Zihan Holding LLC, in the amount of **$74,559.00.**

33. It was understood by the Plaintiffs that the value of the goods and services in the amount in Paragraph 30 above were provided in the expectation that the proposed Joint Venture Agreement would proceed promptly thereafter.

34. That equity and good conscious requires restitution to the Plaintiff Zihan Holding LLC in the amount set forth above.

35. That by virtue of the value of the goods and services provided to the Defendants and the failure to proceed with the proposed Joint Venture Agreement soon thereafter, the Defendants have been unjustly enriched in the amount of **$74,559.00** plus appropriate statutory interest of eighteen percent (18%) from the date of unjust enrichment.

## PRAYER

Plaintiffs pray for judgment:

A. The entry of judgment in favor of the Plaintiffs on each and every cause of action;

B. The award of the requested damages in excess of $288,898.00;

C. That Defendants, their officers, agents, servants, employees, attorneys, and all other persons acting in concert, participation, or privity with it, and their successors and assigns, be permanently enjoined and restrained:

i. From directly or indirectly using the same features represented by plaintiffs' "JIANG NAN" and "JIANG NAN NEW YORK CHINESE FUSION" trademarks, or any other variation, facsimile, or similar imitation of the plaintiffs' trademarks in any manner relating to the manufacture, distribution, advertising, or sale of its products or services;

ii.  From otherwise infringing on plaintiffs' trademarks described in this ***complaint*** and from otherwise unfairly competing with plaintiffs, directly or indirectly, in the United States, in any manner whatsoever.

D.  That Defendants are directed to file with the Court and serve on plaintiffs 30 days after issuance of the injunction a report in writing under oath, setting forth in detail the manner and form in which the Defendants have complied with the injunction.

E.  That Defendants be required to deliver up and destroy all products, labels, packages, wrappers, billheads, literature, advertising materials, and any other items incorporating or bearing a representation of the "JIANG NAN" and "JIANG NAN NEW YORK CHINESE FUSION" trademarks or any facsimile of them.

F. That Plaintiffs have and recover their costs and expenses.

G. That Plaintiffs have such other and further relief as the Court may deem just.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs demand a trial by jury on all issues that are so triable.

Dated: April 21, 2026

 Pendulum Legal P.C.

By: _Sarah Haddad_____
Sarah Haddad, Esq.
353 Lexington Avenue
Suite 400

New York, NY 10016
(646) 901-4594
shaddad@pendulumlegal.com
Attorneys for Plaintiffs Zihan Holding, LLC, and Grill Master 001 Inc.